68 F.3d 479
 Medicare & Medicaid Guide P 43,647
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
G. William ORR, M.D., on behalf of himself and the medicaid-
eligible women he serves; Womens Services, P.C., Appellees,
v.
E. Benjamin NELSON, in his official capacity as Governor of
the State of Nebraska; Donald Stenberg, in his official
capacity as Attorney General of the State of Nebraska; Mary
Dean Harvey, in her official capacity as Director of the
Nebraska Department of Social Services, Appellants.
 No. 95-1555.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 4, 1995.
Filed: Oct. 4, 1995.
 
 Before McMILLIAN, GIBSON, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Nebraska state officials appeal the judgment of the District Court[1] awarding attorney fees to Womens Services, P.C., and its president, Dr. G. William Orr. We affirm.
 
 
 2
 Womens Services and Orr successfully challenged Nebraska state regulations prohibiting the use of state funds to pay for abortions except to save the life of the mother as contrary to the 1994 Hyde Amendment[2] and thus void under the Supremacy Clause. The District Court granted declaratory and injunctive relief, Orr v. Nelson, No. 4:CV94-3252 (D.Neb. Nov. 4, 1994), and, on application from Womens Services and Orr, awarded in a separate judgment the attorney fees that are the subject of this appeal. The state officials also appealed to this Court on the merits, and we affirmed the District Court. Little Rock Family Planning Services v. Dalton, 60 F.3d 497 (8th Cir.1995) (consolidated appeal of Arkansas and Nebraska cases).
 
 
 3
 Womens Services and Orr brought this action under 42 U.S.C. Sec. 1983 (1988). Under 42 U.S.C. Sec. 1988 (1988 & Supp. V 1993), a district court may award the prevailing party in a Sec. 1983 action its attorney fees as a part of its costs. We note at the outset that the state officials do not challenge the reasonableness of the award. Rather the state officials argue that the attorney fees award should be reversed because a claim under the Supremacy Clause cannot be brought through Sec. 1983. They also argue that the 1994 Hyde Amendment did not create the type of unambiguous obligation that creates a federal right enforceable under Sec. 1983, and thus an attorney fees award is inappropriate. These arguments are essentially the same arguments the state officials raised in their appeal on the merits.
 
 
 4
 In our decision on the merits of Womens Services' and Orr's Sec. 1983 claims, we were not persuaded by the state officials' arguments. Dalton, 60 F.3d at 501-02. The same arguments do not have any greater persuasive force in this context, and they do not provide us with a basis to reverse the judgment of the District Court awarding attorney fees. Womens Services and Orr are eligible for attorney fees as prevailing parties in a Sec. 1983 action, and the state officials have not challenged the attorney fees award on any other grounds. The judgment of the District Court is therefore affirmed.
 
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska
 
 
 [2]
 The Departments of Labor, Health & Human Services, & Education, & Related Agencies Appropriations Act of 1994, Sec. 509, Pub. L. No. 103-112, 107 Stat 1082, 1113 (1993)